IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO
_____

FLORA V. LOPEZ

       Plaintiff,

      vs.                                          15-CV-0822 WPJ/LAM

BOARD OF COUNTY COMMISSIONERS FOR
LEA COUNTY, the LEA COUNTY SHERIFF'S
DEPARTMENT, JOHN DOE DEPUTIES 1 through 5,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY,
THE CITY OF HOBBS and the HOBBS POLICE DEPARTMENT and
JOHN DOE OFFICERS 1 through 5, IN THEIR INDIVIDUAL AND
OFFICIAL CAPACITY, CHIEF OF POLICE CHRIS MCCALL AND
SHERIFF MARK C. HARGROVE,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS COUNTS I, II, III, IV AND V OF PLAINTIFF'S
## COMPLAINT AS TO MOVANTS

THIS MATTER comes before the court upon a Motion to Dismiss Count I, Count II, Count III, Count IV and Count V of Plaintiff's Complaint, filed on December 14, 2015 by Defendants City of Hobbs, "The Hobbs Police Department," [sic] and Chief of Police Chris McCall (collectively "Hobbs Defendants") (**Doc. 7**). Having reviewed the parties' briefs and applicable law, the Court finds that Hobbs Defendants' motion is well-taken as to Counts I, II and III and, therefore, GRANTED as to these three counts; but is not well-taken as to Counts IV and V and, therefore, DENIED as to these two counts.

## BACKGROUND

In this case, Plaintiff alleges that in September 2012, unknown deputies and police officers with the Lea County Sheriff's Department and City of Hobbs Police Department entered

her home without a warrant searching for her son and used excessive force.  According to the complaint, officers from the Hobbs Police Department, who were assisting Lea County Sheriff's deputies, jumped over Plaintiff's six-foot privacy fence, cut a rope and broke a lock on the security gate in the fence and came onto Plaintiff's property.

Plaintiff heard the dogs barking around her property and opened the front door of her home.  The officers attempted to enter Plaintiff's home through the door.  Plaintiff attempted to close the door, but the officers used the front door to pin Plaintiff against the wall of her home while the other officers entered the home with their weapons drawn.  Plaintiff followed the officers outside and saw at least ten police cars outside her fenced property. While officers searched the house, Plaintiff pled with the officers not to kill her son, who was the apparent subject of the warrantless invasion. Plaintiff alleges that while she was begging for her son's life, Defendant Hargrove and other officers "grabbed her and pulled her away" and then left the scene.  Compl., ¶ 19.

I.      **Causes of Action in the Complaint**

The instant motion by the Hobbs Defendants seeks dismissal of Plaintiff's claims against the City of Hobbs and Chief of Police Chris McCall ("Chief McCall").  The complaint alleges the following:

> Count I:   Wrongful detention in violation of the New Mexico State Constitution as well as the Fourth Amendment of the United States Constitution, pursuant to 42 U.S.C. §1983;
>
> Count II: Excessive use of force against the Plaintiff violated her rights under §1983 and the state constitution;
>
> Count III:   Warrantless Entry pursuant to §1983 and the state constitution;
>
> Count IV: Supervisory Liability Claims against the Lea County Board of County Commissioners and the City of Hobbs;

Count V: Request for punitive damages against the individual Defendants;

Count VI:  Violations of the New Mexico Inspection of Public Records Act.

In setting out the claims in the complaint, Plaintiff's counsel makes no distinction between the individual defendants and the entities being sued, lumping all of the Defendants in all of the counts.  As a result of the manner in which the Complaint was drafted, the Court has had difficulty determining with certainty  which claims are being asserted against which Defendants, because the legal theories asserted by Plaintiff in the various counts of the Complaint do not apply equally to individuals and entities, particularly when some individual Defendants are being sued in their official capacities, and only two of the Hobbs Defendants are seeking relief through the instant motion.[1]

Count IV is another example of imprecise pleading.  Although it is described as a "Supervisory Liability" claim asserted against only the Lea County Board of County Commissioners and the City of Hobbs, it is actually a municipal liability claim based on the allegations made and the defendants involved.  In this claim, Plaintiff alleges that the constitutional deprivations committed by the individual defendants were "the result of the policies, practices and procedures the [sic] Hobbs Police Department and the Lea County Sheriff's Department" and that the offending officers were not disciplined or given addition training "to prevent or discourage their conduct."  Compl., ¶ 34.  Count IV cannot reasonably be read to allege a supervisory liability claim because supervisory liability claims are properly asserted against individuals, and are not based on an entity's custom or policy. *See Dodds v.*

---

[1]  The Court is not being unduly harsh in its view of the complaint's deficiencies. Rule 8 of the Federal Rules of Civil Procedure requires that fair notice be given to a defendant of the allegations made in the complaint, and some courts would require a resubmission of the complaint.  For example, in *Robbins et al. v. Okla., et al.,* 519 F.3d 1242 (10th Cir. 2008), the Tenth Circuit observed that the complaint's use of the term "Defendants" collectively "or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."  *Id.* at 1250.

*Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (supervisor may be liable for conduct of

subordinate, although liability is not vicarious and requires some fault on part of supervisor);

*Schneider v. City of Grand Junction Police Dept*, 717 F.3d 760, 767 (10th Cir. 2013) (noting that

claims against supervisors are referred to as "supervisory liability" claims) (citing *Meade v.*

*Grubbs*, 841 F.2d 1512, 1527 (10th Cir.1988)); *Sutton v. Utah State School for the Deaf & Blind*,

173 F.3d 1226, 1238 (10th Cir. 1999) ("a supervisor may be individually liable under §1983 if he

directly participates in a constitutional violation. . . ."). Allegations which complain that police

officers are not adequately disciplined or provided relevant training to discourage the alleged

conduct form the basis for claims against governmental entities, not individual supervisory

officials. The Court will therefore assume that Count IV is alleged as a municipal liability claim

against Defendants Lea County and the City of Hobbs.[2]

## II.      Legal Standard

        To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although

a court must accept all the complaint's factual allegations as true, the same is not true of legal

conclusions. *Id*. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a

cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "Thus, in ruling on a motion to

dismiss, a court should disregard all conclusory statements of law and consider whether the

remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is

liable*." Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

---

[2]   In Count IV, Plaintiff asserts that police officers "are not disciplined and are not given additional specific training
to prevent or discourage their conduct." Compl., ¶ 34. The Court assumes this language to be part of the alleged
municipal liability claim alleging a failure to train or supervise, which is distinct from a §1983 supervisory liability
claim against an individual supervisory official.

Plaintiff maintains that the complaint satisfies Fed.R.Civ.P. 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, the question here is whether, under the *Iqbal/Twombly* standard the complaint contains enough allegations of fact, taken as true "to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, cited in *Collins,* 565 F.3d at 1214.

## DISCUSSION

### I.      Sufficiency of Facts

The Hobbs Defendants contend that Plaintiff's federal claims should be dismissed against the City of Hobbs, Chief McCall in his official and individual capacities, and the Hobbs Police Department.

### A.      Defendants City of Hobbs and Chief McCall in Official Capacity

Counts I, II and III alleging wrongful detention, excessive use of force and warrantless entry, are directed against all Defendants, which would include Defendant City of Hobbs ("City") and Chief McCall in his official capacity.

#### *1.      Chineft McCall*

For purposes of claims brought under §1983, a lawsuit naming Chief McCall in his official capacity is the same as a lawsuit against the City. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (official capacity suit is treated as a suit against the state); *Greiss v. Colorado*, 841 F.2d 1042, 1045 (10th Cir. 1988). Chief McCall accurately observes that Plaintiff's federal claims against him in his official capacity should be dismissed. Plaintiff fails to give any legal reason why Chief McCall's request should not be granted, she merely argues that the dismissal of Chief McCall in his official capacity is the same as a finding that McCall "could never be liable." Doc. 8 at 6. In the hope of dispelling Plaintiff's misconception of this issue, the Court

emphasizes that the dismissal of federal claims against Chief McCall in his official capacity is not a finding of non-liability but rather of redundancy because of the fact that the City is *already* a defendant in this lawsuit.   In other words, Chief McCall in his official capacity *is* the City.  *See Moore v. Tulsa*, 55 F.Supp.3d 1337, 1349 (N.D.Okla.,2014) (noting that where a government entity is already a defendant," any official capacity claims against its employees are redundant and may be dismissed") (citing *Kentucky v. Graham,* 473 U.S. at 166); *Brandon v. Holt*, 469 U.S. 464 (1985) (asserting an official capacity suit against a city department's official is sufficient to name the municipality itself) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  Chief McCall still remains a named defendant in this lawsuit in his individual capacity, unless and until there is a legal basis for his dismissal.

> ### 2.     *City of Hobbs*

The question then becomes whether Plaintiff has sufficiently alleged a claim against the City to withstand the motion to dismiss.  The City cannot be held liable under §1983 based only on respondeat superior or vicarious liability. *Monell,* 436 U.S. 658; *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  Municipalities or governmental entities are subject to § 1983 liability only for their official policies or customs, the execution of which causes a plaintiff's injuries. *Monell,* 436 U.S. at 694; *Johnson v. Johnson*, 466 F.3d 1213, 1215 (10th Cir. 2006). For example, when a claim is brought against a municipality for failing to train its officers adequately, the plaintiff must show that the municipality's inaction was the result of deliberate indifference to the rights of its inhabitants. *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006); *Griego v. City of Albuquerque*, 100 F.Supp.3d 1192, 1212 (D.N.M.,2015) (proof that a municipality's legislative body or authorized decision maker has intentionally deprived a plaintiff

of a federally protected right necessarily establishes that the municipality acted culpably) (citing

*Dodds v. Richardson,* 614 F.3d 1185, 1200, n.8 (10th Cir. 2010) (quoting

*Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404-05 (1997)).

Plaintiff contends that the complaint meets the *Iqbal/Twombly* standard, resting on the

allegations in ¶¶6 and 16-21 of the complaint, and the allegations in ¶34.  However, Plaintiff's

allegations in ¶ 6 and ¶¶16-21 cannot possibly refer to the City because those allegations

describe the conduct and actions taken by the individual officers on the scene of Plaintiff's

property.  Even assuming these allegations to be true, there is no way to plausibly suggest that

the City actually "jumped over" Plaintiff's six-foot privacy fence, or came through her front door

and searched the house, or otherwise participated in the conduct underlying assertions of

wrongful detention, warrantless entry or excessive force.

The allegations in ¶34 of the complaint more closely align with the requirements of a

municipal liability claim:

> The constitutional deprivations committed by the individual Defendants were the
> result of the policies, practices and procedures the Hobbs Police Department and
> the Lea County Sheriff's Department. On information and belief, these policies,
> practices and procedures were the result, in whole or in part, of acts and omissions
> committed by Defendants Hargrove and McCall. Specifically, for many years, on
> information and belief, these Defendants have known of numerous incidents
> regarding illegal search and seizure of various individuals which were conducted
> without a warrant and without probable cause. In each and every incident know,
> the Officers are not disciplined and are not given additional specific training to
> prevent or discourage their conduct.

Compl., (Doc. 1), ¶34.  Under *Iqbal/Twombly,* allegations that are pled "must be enough

that, if assumed to be true, the plaintiff plausibly has a claim for relief."  *Robbins v. Okla.*, 519

F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570) (internal citations

omitted).[3]  Here, Plaintiff alleges that the City was aware of similar incidents of illegal searches which occurred over many years, and that the officers involved in those situations were neither disciplined nor provided additional specific training to prevent or discourage such conduct in the future.   These facts advance a plausible factual basis for the City's own culpability in causing the alleged constitutional deprivation in following a custom or policy which caused the officers in this case to commit the alleged constitutional deprivations. *See Barney v. Pulsipher*, 143 F. 3d 1299, 1307 (10th Cir. 1998) (municipality may be held liable under § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees) (citing *Monell,* 436 U. S. at 694).   Accordingly, the Hobbs Defendants' motion to dismiss the City is denied.

      B.     <u>Chief  McCall in Individual Capacity</u>

The Hobbs Defendants also move for dismissal of Plaintiff's claims against Chief McCall in his individual capacity.   They contend that the only assertions which are directed against Chief McCall are contained in ¶34 as part of Count IV (which, as previously discussed above, is self-styled as a "supervisory liability claim" but is actually a municipal liability claim), do not meet *Iqbal/Twombly* pleading requirements. As the Hobbs Defendants note, individual liability under §1983 must be based on personal involvement in the alleged constitutional violation.  *See Foote v. Spiegel et al.,* 118 F.3d 1416, 1423 (10th Cir. 1997); *Mitchell v. Forsyth,* 472 U.S. 511 (1985).

Counts I, II and III allege that "Defendants" (or "the City and County Defendants") engaged in conduct that constituted wrongful detention, warrantless entry and excessive force. However, there is no indication that Chief McCall actually participated in the underlying conduct

---

[3]  Pleading requirements for claims against governmental entities do not require more than the minimal standard of notice pleading as articulated by the Supreme Court in *Iqbal/Twombly*, nor are municipal liability claims held to stricter pleading standard than other claims brought under §1983.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (noting that heightened pleading standard was superseded by the United States Supreme Court's decision in *Crawford–El v. Britton*, 523 U.S. 574 (1998), and was later  rejected in Supreme Court's decision in *Twombly,* 127 S.Ct. at 1973-74).

at Plaintiff's house.  Therefore Chief McCall in his individual capacity shall be dismissed from Counts I, II and III because Plaintiff fails to allege that Chief McCall was involved personally in any of the conduct described in those Counts.

In Count IV of the complaint, Plaintiff alleges that both Defendant Hargrove and Chief McCall "have known of numerous incidents regarding illegal search and seizure" and that the offending officers were neither disciplined nor afforded additional training to prevent recurrences.  Compl., ¶34.  Plaintiff incorrectly argues that these allegations form the basis of a claim against Chief McCall in his individual capacity.  Chief McCall can only be found to be individually liable if he was personally involved in conduct that allegedly deprived Plaintiff of her constitutional rights, but the Complaint does not allege such involvement.  The Complaint only references Chief McCall's alleged knowledge of similar incidents by officers in the past and the failure to either discipline or adequately train police officers, which is attributed to Chief McCall only because of his role in his official capacity as Chief of Police.  Because these references are the same as Plaintiff's municipal liability claim against the City, they cannot form a basis for Chief McCall's individual liability.  Accordingly, Chief McCall shall be dismissed as a party in his individual capacity as well.

## II.    Hobbs Police Department

The Hobbs Defendants contend that the Hobbs Police Department is not a proper party to this action and should be dismissed. The City, which admittedly operates the police department, is a named Defendant in this lawsuit.

Naming a municipal *department*, such as police department as Plaintiff has done here, is not an appropriate means of pleading §1983 action against the City because a department or subsidiary is not considered a "person" subject to suit under §1983.  *See Stump v. Gates*, 777

9

F.Supp. 808, 816 (D.Colo.,1991) (a separate identity as a body politic or corporate is essential to

§ 1983 "person" status) (citing *Monell,* 436 U.S. at 690)).   New Mexico law vests municipalities,

not individual departments thereof, with the power to sue or be sued, and with the authority to

contract.   NMSA §3-18-1; *see Stump*, 777 F.Supp. 808 at 815 (recognizing that Colorado law

gave municipalities and counties, not subsidiary department  are empowered under Colorado

statute to be "sue and be sued").   Because a city's police department is an integral part of city

government and merely a vehicle through which the city government fulfills its policing

functions, it is not a proper party defendant.   Thus, claims against the Hobbs Police Department

are construed as claims against the City itself.   *Cmp. Martinez v. Winner,* 771 F.2d 424, 444

(10th Cir.1985) (§ 1983 claims dismissed because City of Denver Police Department not a

separate suable entity).[4]

In response, Plaintiff points to cases which have named the Hobbs Police Department.

This proves nothing except that there were other lawyers who had pleading deficiencies in their

complaints.   The fact that the Hobbs Police Department was named in these other lawsuits is not

tantamount to a legal pronouncement that it was a proper party, particularly when in those other

cases, the claims were allowed to proceed as if brought against the City.   Plaintiff's position

simply cannot withstand the sheer number of cases—including Supreme Court precedent—

which are in disagreement.   *See Stump v. Gates*, 777 F.Supp. at 815 (noting that in the post-

*Monell* era, courts have dismissed § 1983 claims that have named and sought to impose liability

*directly* upon municipal and county police departments).

---

[4]  *See also Howard v. City of Albuquerque*, Civ. No. 90 1019 JC, slip op. at 2 (D.N.M. July 12, 1991) (citing
numerous cases); *Boren v. City of Colorado Springs*, 624 F.Supp. 474, 479 (D.Colo.1985) (city's police department,
as merely the vehicle through which city fulfills its policing functions, not a proper party); *Stratton v. Boston*, 731
F.Supp. 42, 46 (D.Mass.1989) (action dismissed as against city police department that is not an independent legal
entity); *Reese v. Chicago Police Dept.*, 602 F.Supp. 441, 443 (N.D.Ill.1984) (Chicago Police Department and Cook
County Attorney's Office have no legal existence independent of city and county, and therefore are not suable
entities).

Plaintiff also attempts to minimize the relevance of the one case referenced by the Hobbs Defendants, *Vuolo v. Garfield Cty Sheriffs,* because the case is an unpublished decision and because in that case the city responsible for operating its municipal police department was not named.  2009 WL 4250103 (D.Colo. Nov. 23, 2009) (unpubl. opin.).   However, a more careful reading of *Vuolo* would have revealed that while *Vuolo* is unpublished, is still holds considerable weight.  First, in holding that claims against the Glenwood Springs police and sheriff's department should have been pleaded against the municipality itself, the Colorado federal district court relied on *Stump,* which in turn relied on United States Supreme Court precedent in *Monell*.  2009 WL 4250103, at *7.  Second, Plaintiff is incorrect in stating that the city in that case was not named, because the defendants were named in their official capacity.  *Id.* (noting that §1983 action is appropriately pled against a municipality "either by naming the municipality itself or by naming a municipal official in his or her official capacity."  2009 WL 4250103, at *7 (citing *Stump,* 777 F.Supp. at 816 & n.3).

The law clearly favors the Hobbs Defendants on this issue, and so the Hobbs Police Department will be dismissed as a party to this action.[5]

III.     **State Law claims Against City of Hobbs and Chief McCall**

In Counts I, II and III of the complaint, Plaintiff alleges that "Defendants" violated the new Mexico Constitution, and further alleges that "Defendants" are vicariously liable for violations of the state constitution alleged to be committed by "John Doe Officers."  Compl, (Doc. 1), ¶ 35.

An individual may not seek damages for violation of rights under the New Mexico Constitution unless immunity is waived under the New Mexico Tort Claims Act ("Tort Claims

---

[5]   For this reason, the proper movants to this motion become the City of Hobbs (instead of the City and the Hobbs Police Department) and Chief McCall, although still collectively referred to as the Hobbs Defendants.

11

Act"). *Chaves v. City of Albuquerque*, 124 N.M. 479 (Ct.App.1998); *Barreras v. State of New Mexico Corrections Dept,* 133 N.M. 313, 319, 62 P.3d 770, 776 (N.M.App.,2002) (observing that New Mexico courts have "consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims Act").

The Hobbs Defendants' argument for dismissal of these claims is not specifically based on an absence of waiver, but rather on the Tort Claim Act's limitations period:

> Any tort claim brought against a New Mexico governmental entity or a state employee must be brought pursuant to the New Mexico Tort Claims Act, which contains a two-year statute of limitations.  Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is **commenced within two years after the date of occurrence resulting in loss, injury or death .**

N.M. Stat. Ann. § 41-4-4(a) (1978) (emphasis added).  Plaintiff alleges that the cause of action accrued on September 20, 2012, but she did not file this action until September 18, 2015, more than two years after the date of incident.  Plaintiff concedes that these state law claims are untimely and does not oppose the dismissal of these claims, although she takes a stab at arguing that equitable tolling should be applied on the ground that the City tried to conceal the facts and "throw a smoke screen over its officers' conduct. . . ."  Doc. 8 at 7.  This half-hearted attempt is not sufficient to ignore the two-year limitations period.  Dismissal of Plaintiff's state law claims is appropriate.

**IV.    Count V**

The Hobbs Defendants move for the dismissal of Count V, which seeks punitive damages, but they provide no argument for the Court to consider.  Whatever the Hobbs Defendants' argument might have been, the motion must be denied as to this count.  Count V seeks punitive damages, but only against the "individual Defendants."   Compl.,¶37.  As

previously noted, Chief Mcall is being dismissed from this case in both his individual and official capacity.  As to the City, because it is not an "individual Defendant," it is not subject to the punitive damages sought by Plaintiff and thus, the City has no standing to request a dismissal of this count.  *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981) (punitive damages are not available against a government entity); *Houston v. Reich,* 932 F.2d 883, 888 (10th Cir. 1991) (citing *City of Newport).*

As a result of this Court's rulings, Counts I, II and III survive for now, but without the Hobbs Defendants; Count IV survives as a municipal liability claim; Counts V survives because it does not include any of the Hobbs Defendants, and Count VI remains because the Hobbs Defendants did not seek its dismissal.

## CONCLUSION

In sum, the Court finds and concludes the following:

(1)     Chief McCall is dismissed in his official capacity from this lawsuit. Naming him as a Defendant in this lawsuit in his official capacity is redundant, given that the City is a named Defendant;

(2)     Chief McCall is also dismissed in his individual capacity from Counts I, II and III because Plaintiff fails to sufficiently allege his personal involvement in any of the conduct described in those counts.  He will also be dismissed in his individual capacity from Count IV, which is a municipal liability claim;

(3)     Count IV sufficiently alleges a municipal liability claim under §1983 because those facts plausibly suggest that the City follows a custom or policy which caused the officers in this case to commit the alleged constitutional deprivations;

(4) the Hobbs Police Department is not a proper party in a §1983 lawsuit because it is a local department or subdivision of the City of Hobbs;

(5) Plaintiff's state law claims are untimely under the Tort Claims Act's two-year statute of limitations; and

(6)  Count V seeks punitive damages only as to individual Defendants, which does not apply to the Hobbs Defendants (and not to Chief Mcall because he is being dismissed from this lawsuit).

**THEREFORE,**

**IT IS ORDERED** that Defendant City of Hobbs and Defendant McCall's Motion to Dismiss Count I, Count II, Count III, Count IV and Count V of Plaintiff's Complaint (**Doc. 7**) is hereby GRANTED IN PART and DENIED IN PART as follows:

(1)     The motion is GRANTED with regard to the dismissal of movants as to Counts I, II and III, based on an absence of their personal involvement in the conduct described in those counts, including Defendant McCall in his individual capacity, and for reasons described in this Memorandum Opinion and Order;

(2)     The motion is GRANTED with regard to Defendant McCall in his official capacity, dismissing McCall from this action because naming him as a Defendant is redundant to naming the City as a defendant, and for reasons described in this Memorandum Opinion and Order;

(3)     The motion is GRANTED with regard to the dismissal of the Hobbs Police Department because as a local subdivision of the City, it is not a proper party to this action, and for reasons described in this Memorandum Opinion and Order;

(4)     The motion is GRANTED with regard to the state law claims asserted in Counts I,

II and III for reasons described in this Memorandum Opinion and Order;

(5)      The motion is DENIED with regard to Count IV which alleges a municipal

liability claim under §1983, for reasons described in this Memorandum Opinion

and Order; and finally,

(6)     The motion is DENIED with regard to Count V which seeks punitive damages for

reasons described in this Memorandum Opinion and Order, for reasons described

in this Memorandum Opinion and Order.


_____
UNITED STATES DISTRICT JUDGE